# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| BASHIR OMAR, | ) |
|---|---|
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15-CV-1301-SMY-RJD |
| | ) |
| ROBERT HUGHES, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Before the Court is Defendant Melissa Phoenix's Motion for Summary Judgment (Doc. 52). Plaintiff filed a Memorandum in Opposition (Doc. 64). For the following reasons, Defendant's motion is **DENIED**.

### Background

From May 9, 2013 to November 13, 2013, Plaintiff Bashir Omar was incarcerated at Menard Correctional Center ("Menard").[1] Defendant Melissa Phoenix was Plaintiff's correctional counselor from June 2013 to August 2013.

According to Plaintiff, the following occurred. After a disciplinary incident at Western Illinois Correctional Center, Plaintiff was transferred to the segregation unit at Menard (Doc. 64 at 4-5) When Plaintiff arrived, he possessed a single jumpsuit, but had no shoes, socks, underwear, tee shirts, towels or other jumpsuits. (*Id.*) On June 4, 2013, Plaintiff discussed his lack of clothing with Defendant Phoenix and handed her a grievance regarding his clothing. (*Id.*

---

[1] The record reflects that Plaintiff was released and later returned to Menard Correctional Center, where he is currently incarcerated, but this action pertains solely to Plaintiff's time in Menard Correctional Center in 2013. (*See* Doc. 36.)

at 6-7). Phoenix responded that he did not deserve clothing and never processed the grievance. (*Id.*)

Plaintiff again discussed his lack of clothing with Phoenix on June 27, 2013. (*Id.*) Phoenix again responded that he did not deserve clothing and refused to identify those responsible for providing inmates with clothing. (*Id.*) On or about November 13, 2013, Plaintiff transferred to Pontiac Correctional Center and received shoes, underwear, socks, tee shirts, a laundry bag, towels and linens (Doc. 53-1 at 104-05.)

As a result of having only one jumpsuit, Plaintiff was unable to wash his clothing. (*Id.* at 114.) Additionally, without shoes, he was unable to shower, go to the recreational yard or go to the health care unit. (*Id.* at 100-01, 110-11, 114.) However, he occasionally borrowed shower shoes for showering and to go to the health care unit. (*Id.* at 101, 111.) Plaintiff also experienced swelling and pain in his feet. (*Id.* at 114, 121.)

According to Phoenix's affidavit, as a correctional counselor, she assisted inmates with issues by making rounds on the galleries to speak with them at least once every 30 days (Doc. 53-2). She also reviewed grievances and requests and contacted departments to resolve issues. If she was notified that an inmate was missing clothing, her responsibility was to call the clothing department to determine whether the inmate received clothing on arrival. She did not work at the clothing department and had no authority to issue clothing. According to the counseling records, on June 27, 2013, Phoenix checked with the clothing department and was advised that Plaintiff was given clothing and a bedroll upon his arrival (Doc. 53-3).

## Discussion

Pursuant to Federal Rule of Civil Procedure 56(a), the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the

2

movant is entitled to judgment as a matter of law." When ruling on a motion for summary judgment, the Court must "examine the record and all reasonable inferences in the light most favorable to the non-moving party." *Spurling v. C & M Fine Pack, Inc.*, 739 F.3d 1055, 1060 (7th Cir. 2014). Summary judgment must be denied "if a material issue of fact exists that would allow a reasonable jury to find in favor of the non-moving party." *Id.*

Here, Plaintiff asserts that Phoenix acted with deliberate indifference toward his conditions of confinement in relation to his clothing. The Eighth Amendment protects inmates from cruel and unusual punishment. U.S. Const., amend. VIII; *see also Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). "While the Constitution does not require that prisons be comfortable, prison conditions do violate the Constitution where they deprive inmates of the minimal civilized measure of life's necessities." *Delaney v. DeTella*, 256 F.3d 679, 683 (7th Cir. 2001). "A claim of constitutionally inadequate confinement requires a two-step analysis: (1) whether the conditions at issue were sufficiently serious so that a prison official's act or omission resulted in the denial of the minimal civilized measure of life's necessities; and (2) whether prison officials acted with deliberate indifference to the conditions in question." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). "[A plaintiff] must also show that he suffered some cognizable harm from the overall lack of a sanitary environment, and that the [defendant's] deliberate indifference caused that harm. *Gray v. Hardy*, 826 F.3d 1000, 1006 (7th Cir. 2016).

Phoenix argues that issuing clothing to inmates was not her responsibility and that Plaintiff cannot demonstrate that she acted with deliberate indifference. She cites *Burks v. Raemisch*, 555 F.3d 592 (7th Cir. 2009) in support of her position. In *Burks*, an inmate submitted a grievance regarding medical treatment to the grievance officer, who denied the grievance as untimely. *Id.* at 594-95. The inmate alleged that the grievance officer acted with

3

deliberate indifference for denying the grievance without an investigation. *Id.* The Seventh Circuit ruled in favor of the grievance officer, reasoning that the grievance officer performed her duty to review grievances and was not required to perform the duties of a medical professional. *Id.* at 595. The Court reasoned that the division of labor is often split among various prison officials and that inmates cannot demand that prison officials assume the duties of other prison officials. *Id.* However, the Court also noted that the grievance officer could have acted with deliberate indifference if she had destroyed grievances without reading them or if she had intervened to prevent the inmate from receiving appropriate medical care. *Id.* at 595-96.

The import of *Burks* is not that a prison official's duties immunize her from liability, but rather that the Court must consider assigned duties when evaluating whether the official acted with deliberate indifference. Phoenix's job responsibilities included assisting inmates with various issues, including missing clothing. Specifically, if she was notified that an inmate was missing clothing, her responsibility was to call the clothing department to determine whether the inmate received clothing on arrival. While, she did not work in the clothing department and had no authority to issue clothing, her responsibilities did include reviewing grievances and requests and contacting the appropriate departments to resolve issues.

Plaintiff's counseling records show that Phoenix checked with the clothing department on June 27, 2013 and was advised that Plaintiff was given clothing and a bedroll upon his arrival. However, in his grievance, Plaintiff complained that he did not presently possess any clothing other than a jumpsuit. Although inquiring as to whether Plaintiff ever received such clothing may have sufficed as a starting point, a constitutionally adequate response required more, considering the nature of Plaintiff's grievance.

The record does not reflect that Phoenix ever followed up regarding Plaintiff's grievance. Moreover, Plaintiff testified that he never received additional clothing until his transfer to another correctional facility, more than four months later. Additionally, Plaintiff submitted evidence suggesting that Phoenix impeded his efforts to obtain clothing by refusing to process his grievance and by informing him that he did not deserve clothing. For these reasons, this Court finds that the record supports a claim of deliberate indifference against Defendant Phoenix.

Phoenix also contends that she is entitled to qualified immunity. Generally, government officials are protected from civil liability when performing discretionary functions under the doctrine of qualified immunity so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also Alvarado v. Litscher*, 267 F.3d 648, 652 (7th Cir. 2001). Thus, in order to evaluate a claim of qualified immunity, the Court engages in a two-step analysis. First, the Court considers whether a plaintiff's claim states a violation of his constitutional rights. If so, the Court then determines whether those rights were clearly established at the time the violation occurred. *Jacobs v. City of Chicago*, 215 F.3d 758, 766 (7th Cir. 2000).

For a constitutional right to be clearly established, its contours "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Estate of Escobedo v. Bender*, 600 F.3d 770, 779 (7th Cir. 2010) (quoting *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)). The unlawfulness of a particular official's action must be apparent "in light of the pre-existing law." *Id.* A party may demonstrate that a right was clearly established by presenting a closely analogous case establishing the defendant's conduct was unconstitutional or by presenting evidence the defendant's conduct was so patently violative of a constitutional right

5

that reasonable officials would know without guidance from a court. *See Hope*, 536 U.S. at 739–40.

Phoenix argues that she followed established law by checking to see if Plaintiff was missing clothing items. Her argument implies that she inventoried Plaintiff's clothing and found that Plaintiff had full set of clothing in his possession at the time he complained to her. But there is no evidence in the record that she actually did this. An inmate's right to the minimal civilized measure of life's necessities, including adequate clothing, is and was at the relevant time, well-established. *See Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008); *Hazen v. Pasley*, 768 F.2d 226, 228 n.2 (8th Cir. 1985); *Carter v. Meisner*, 2014 WL 5580917, at *8-9 (W.D. Wis. 2014); *Evans v. Headley*, 566 F. Supp. 1133, 1138 (S.D.N.Y. 1983). Accordingly, Phoenix is not entitled to qualified immunity.

As a final matter, John Doe Defendants, who purportedly worked in the clothing department at Menard, remain in the case. In Plaintiff's response to the motion for summary judgment, he requests an order for Defendants to identify the John Doe defendants, leave to amend the Complaint and a stay of proceedings pending service of process.

Plaintiff was granted the opportunity to amend his Complaint on January 4, 2016 to identify the John Doe Defendants (Doc. 6 at 7). Discovery in this case closed on April 20, 2017 and Plaintiff has offered no explanation for his untimely request.[2] Accordingly, Plaintiff's request for a discovery order, leave to amend the Complaint and a stay of proceedings is denied, and Plaintiff's claim against the John Doe defendants is **DISMISSED with prejudice**.

---

[2] On October 28, 2016, Plaintiff filed a discovery motion, which was denied for procedural reasons (Doc. 34). The attached discovery requests did not request information from Defendants related to the identification of the John Doe defendants.

**Conclusion**

For the foregoing reasons, Defendant Melissa Phoenix's Motion for Summary Judgment (Doc. 52) is DENIED and Plaintiff's Eighth Amendment claim against Defendant Phoenix shall proceed to trial. The John Doe Defendants are DISMISSED from this action with prejudice. Counsel will be recruited to represent Plaintiff Bashir Omar at trial.

**IT IS SO ORDERED.**

**DATED: November 9, 2017**

                                        **s/ Staci M. Yandle**
                                        **STACI M. YANDLE**
                                        **United States District Judge**