IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BASHIR OMAR, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case Number: 15-CV-1301-SMY-RJD |
| MELISSA PHOENIX, | ) ) ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Bashir Omar, currently incarcerated at Menard Correctional Center, brought this action for deprivation of his Eighth Amendment rights pursuant to 42 U.S.C. § 1983. Plaintiff claimed Defendant Melissa Phoenix acted with deliberate indifference to his conditions of confinement by failing to ensure he received sufficient clothing from the prison clothing department. Defendant denied Plaintiff's claim, asserting that she checked with the clothing department on June 27, 2013 about whether Plaintiff was issued clothing upon being transferred to his new facility.

After a two-day jury trial during which Plaintiff was represented by appointed counsel, the jury returned a verdict for Defendant (Doc. 112). Now before the Court is Plaintiff's Motion for New Trial (Doc. 123). Defendant filed a Response in opposition to the Motion (Doc. 126). For the foregoing reasons, Plaintiff's Motion is **DENIED**.

Under Federal Rule of Civil Procedure 59, the Court has discretion to grant a new trial if the jury's verdict is against the manifest weight of the evidence or when a new trial is necessary to prevent a miscarriage of justice. *Romero v. Cincinnati, Inc.,* 171 F.3d 1091, 1096 (7th Cir.1999). A party will not be granted a new trial where the jury verdict has reasonable support in the record.

*Carter v. Chicago Police Officers,* 165 F.3d 1071, 1079 (7th Cir.1998). To satisfy the "manifest weight of the evidence" standard, a party must show that no rational jury could have entered judgment against him. *King v. Harrington,* 447 F.3d 531, 534 (7th Cir.2006).

In his Motion, Plaintiff states, "Must be noted herefor that plaintiff believed that the trial was conducted fair in every sense possible…" (Doc. 123, ¶2). Nevertheless, Plaintiff makes the following arguments in support of the Motion: (1) other defendants should have been tried along with Melissa Phoenix (2) he should have been granted counsel for discovery (3) Defendant Robert Hughes should not have been dismissed (4) the library staff should not have been dismissed (5) all of the grievances should have been intertwined with Melissa Phoenix (6) there was a discovery violation by Defendants when they refused to give Plaintiff information as to what clothing/shoes was given to Plaintiff, who was given the clothing/shoes, and the date of distribution (Doc. 123).

The only argument Plaintiff makes relative to the trial is, "all the grievances should been intertwined (sic) with Melissa Phoenix, the Library's Staff and the MCC's clothing House/Room where all were connected to the facts in this case at trial…(Doc. 123 ¶3c). It is unclear which grievances Plaintiff is referring to as he does not identify them. However, the Court notes that the Emergency Grievance Log from August 2013 and the Offender's Grievance records regarding lack of clothing dated June 4, 2013 were admitted into evidence (Final Exhibit List Doc. 107-1).

Plaintiff does not develop any of his arguments or cite to any authority to support them. The majority of Plaintiff's arguments focus on discovery or issues that should have been addressed prior to trial. Essentially, Plaintiff's Motion reads like a motion for reconsideration of discovery rulings that do not pertain to the trial. As such, his arguments are rejected.

Plaintiff has failed to establish that no rationale jury could have entered judgment against him. As the Seventh Circuit has noted, jury verdicts deserve deference when the case involves "simple issues but highly disputed facts." *Moore ex rel. Estate of Grady v. Tuelja*, 546 F.3d 423,

427 (7th Cir. 2008).  It was the jury's duty to determine the credibility of the evidence and to decide whether Defendant acted with deliberate indifference with respect to Plaintiff.  The jury chose to believe Defendant and concluded that the she did not act with deliberate indifference.  Accordingly, Plaintiff's Motion for New Trial (Doc. 142) is **DENIED**.

    **IT IS SO ORDERED.**

    **DATED:  March 27, 2019**

                                                                                            **STACI M. YANDLE**
                                                                                          **United States District Judge**